# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 19-0381**  (Ohio County 13-F-074)

**Michael Kandis,**
**Defendant Below, Petitioner**

**FILED**

**September 4, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Kandis, by counsel John M. Jurco, appeals the March 25, 2019, order of the Circuit Court of Ohio County that denied his motion for modification of sentence following his guilty plea to three counts of second-degree robbery for which he was ordered to serve consecutive sentences of five to eighteen years in prison. The State of West Virginia, by counsel Gordon L. Mowen, II, filed a summary response in support of the circuit court's order. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, petitioner was indicted on three counts of second-degree robbery, one count of conspiracy to commit burglary, and one count of burglary. The indictment was the result of crimes he allegedly committed on March 28, 2011, and over the course of several days in November of 2012, which involved robbing three individuals and stealing thousands of dollars from multiple businesses.

On September 25, 2013, petitioner entered into a plea agreement with the State in which he pled guilty to three counts of second-degree robbery in exchange for the dismissal of the conspiracy and burglary charges. The plea agreement expressly stated that petitioner "understands that the penalty provided for . . . 'Second Degree Robbery' is confinement in the West Virginia Penitentiary for not less than five (5) nor more than eighteen (18) years[,]" and further, that petitioner "will be free to make any sentencing recommendation that he desires" and "understands

1

that the State . . . will make a non-binding recommendation to the Court that the court sentence [him]" to consecutive sentences and restitution. It is undisputed that the circuit court engaged petitioner in a thorough plea colloquy following which the court accepted petitioner's guilty plea and ordered the preparation of a pre-sentence investigation report.

During the sentencing hearing that was conducted on November 14, 2013, petitioner admitted, "I'm most certainly guilty of my crimes. . . . I take fully responsibility." Petitioner apologized to the victims and his family and requested help for the "major drug addiction that I'm still battling[.]" He also requested that the court run his sentences concurrently or, in the alternative, order consecutive sentences but suspend the second and third prison terms. The State presented the testimony of two victims. One victim testified about the psychological impact the robbery had on her. She stated that she is "not comfortable at nighttime"; that "[b]lue hoodies send me in panic attacks"; and that she "can't even look at him right now without hyperventilating." The victim testified that petitioner threatened to kill her twice, and that petitioner's crime "took my sense of security away. . . . I can't even walk down my street without looking over my shoulder and be wondering."  In a written statement to the sentencing court, a second victim, who was an employee of the pizza establishment that petitioner robbed, stated that petitioner's actions "made me feel unsafe about the community I put my entire trust in." The State requested that the court impose consecutive sentences. Additionally, the circuit court considered petitioner's LS/CMI evaluation, which indicated that petitioner "is at high risk to re-offend within one year."

In its sentencing order entered on November 26, 2013, the circuit court ordered that petitioner serve sentences of five to eighteen years in prison on each of the three counts of second-degree robbery and that the sentences be served consecutively. The court also ordered that he make restitution and pay the costs of the proceeding.

On March 14, 2014, petitioner filed a motion for modification of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure and a revised motion for modification on December 13, 2018. In the interim, petitioner also filed two petitions for a writ of habeas corpus. In both instances, the circuit court denied petitioner's requests for habeas relief, which this Court ultimately affirmed. *See Kandis v. Ballard*, No. 15-0431, 2016 WL 1549453 (W. Va. Apr. 15, 2016) (memorandum decision); *Kandis v. Ames*, No. 18-0118, 2019 WL 2499389 (W. Va. June 17, 2019) (memorandum decision).

By order entered on March 25, 2019, the circuit court denied petitioner's Rule 35 motion for modification of sentence. This appeal followed.

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996). Further, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not

subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). *See* Syl. Pt. 1, in part, *State v. Lucas,* 201 W. Va. 271, 496 S.E.2d 221 (1997) ("The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.").

The sole issue on appeal is whether the circuit court abused its discretion in denying petitioner's Rule 35(b) motion for modification of his sentence. Petitioner sets forth a plethora of reasons that, he contends, should have been considered by the circuit court and that warrant a modification of his sentence. Petitioner recounts that he took responsibility for his crimes and spared the victims from testifying at trial by entering a guilty plea; that, while incarcerated, he has earned numerous certificates relating to domestic violence, parenting, and anger management; that, prior to the crimes at issue, he had not committed any serious infractions since 2008; that he has suffered from drug addiction for many years and believes he should be granted supervised probation so that he can receive drug treatment; that he has had an "overall satisfactory prison record"; that he has completed academic and vocational courses while in prison; that he has a support system in his parents, with whom he would live if granted probation; that he has two children who he intends to help raise; and that he would be better able to pay the restitution that was ordered by the court if he was released from prison. Finally, petitioner contends that he is entitled to relief under Rule 35(b) based upon *State v. Arbaugh*, 215 W. Va. 132, 595 S.E.2d 289 (2004).[1]

It is undisputed that petitioner's sentence is within statutory limits. *See Goodnight*, 169 W. Va. at 366, 287 S.E.2d at 505, syl. pt. 4. However, petitioner argues that the circuit court's sentencing order was based upon "impermissible reasons," *see id.*, in that it failed to apply the *Arbaugh* analysis, which, petitioner contends, required the court to (1) consider mitigating factors that may have led to his crimes (i.e., drug addiction), (2) consider petitioner's own assessment that he was at low risk of reoffending or likelihood of threat to the public, and (3) consider petitioner's "stated plans for rehabilitation and leading a law-abiding life." We find no error. The circuit court properly used its discretionary authority to impose the sentence it deemed appropriate given all of the circumstances, including that petitioner admitted guilt and that his crimes adversely impacted his victims. Furthermore, contrary to petitioner's own self-serving assessment that he was unlikely to re-offend, the circuit court observed that the court-ordered LS/CMI evaluation concluded that petitioner "is at high risk to re-offend within one year." We, thus, conclude that petitioner has failed to show that the circuit court abused its discretion in imposing his sentence.

For the foregoing reasons, we affirm.

Affirmed.

---

[1] In *State v. Arbaugh*, 215 W. Va. 132, 595 S.E.2d 289 (2004), this Court reversed a circuit court's denial of relief under Rule 35(b) where the defendant, a youthful offender who himself was a victim of sexual abuse, pled guilty to sexually assaulting his half-brother. We remanded the case with instructions to grant probation so as to allow the defendant to follow his proposed rehabilitation plan and attend a sexual offender treatment program and drug and alcohol counseling. *Arbaugh*, 215 W. Va. at 137, 595 S.E.2d at 294.

**ISSUED:** September 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison